IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JOHN F. WARD, | ] |
| Petitioner, | ] |
| vs. | ] CIVIL ACTION NO. 06-IPJ-RRA-1099-J |
| WARDEN G. MOSLEY, et al., | ] |
| Respondents. | ] |

**MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The petitioner, John F. Ward, initiated this action on June 7, 2006, by filing a petition in this court. In his petition, Ward states that he was convicted on March 22, 2004, in the Circuit Court of Winston County, on his plea of guilty to driving under the influence of alcohol, and sentenced to ten years' imprisonment. In the petition, Ward stated that he currently has a Rule 32 petition challenging this conviction pending in the Circuit Court of Winston County. In a traverse filed October 25, 2006, Ward reiterates his claim that his Rule 32 petition challenging this conviction is still pending in the Circuit Court of Winston County.

The threshold issue to be resolved in federal habeas cases is whether the petitioner has exhausted all available state remedies. An application for writ of habeas corpus will not be considered unless the applicant has exhausted available state court remedies. 28 U.S.C. § 2254(b); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982). The exhaustion requirement is designed "to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights." *Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979). As a matter of comity, the rule requires the federal courts to allow the states

the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction." *Fay v. Noia*, 372 U.S. 391, 438 (1963). Such a rule furthers the strong federal policy that federal courts should not unduly or prematurely interfere with state court proceedings.

Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the questions presented." *Rose v. Lundy*, 455 U.S. 509, 518 n.9 (1982). Pursuant to this provision, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the courts for consideration. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Heath v. Jones*, 863 F.2d at 818. Furthermore, the claim must be presented to state courts in such a way as to enable the state to entertain the claim on its merits.

The petitioner admits that his Rule 32 petition is still pending in state court. Thus, the petitioner still has a remedy available to him in state court and the petition is due to be dismissed for failure to exhaust his remedies in state court.

An appropriate order will be entered.

Done this _6th_ day of November 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE